TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Jared C. Borriello

*Attorneys for*
*the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| CHOWAIKI & CO. FINE ART LTD., | Case No. 17-13228 (MKV) |
| Debtor. | |
| ALBERT TOGUT, Not Individually But Solely In His Capacity as Chapter 7 Trustee of the Estate of Chowaiki & Co. Fine Art Ltd., | |
| Plaintiff, | Adv. Pro. No. 19-_____ (MKV) |
| v. | |
| HELLY NAHMAD GALLERY INC. | |
| Defendant. | |

**COMPLAINT**

Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the estate of the above-captioned debtor Chowaiki & Co. Fine Art Ltd. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby submits this complaint (the "Complaint") to avoid and recover a transfer made by the Debtor to, or for the benefit of, Helly Nahmad Gallery Inc. (the "Defendant"), and alleges the following facts and claims upon information and belief

based on reasonable due diligence in the circumstances of the Debtor's case and the documents and information presently available to the Trustee:

## SUMMARY OF THE ACTION

1. The Trustee seeks a money judgment relating to the avoidable transfer identified on **Exhibit A** attached hereto that was made by the Debtor to, or for the benefit of, the Defendant during the ninety (90) day period preceding the commencement of the Debtor's bankruptcy case (the "Avoidable Transfer").

2. The Trustee seeks entry of a judgment against the Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "Bankruptcy Code") § 547(b), the Avoidable Transfer to, or for the benefit of, the Defendant, or, in the alternative, subject to proof, (b) pursuant to Bankruptcy Code § 548(a)(1)(B) any transfers that may have been fraudulent transfers; (ii) pursuant to Bankruptcy Code § 550(a), directing the Defendant to pay to the Debtor an amount to be determined at trial that is not less than the amount of the Avoidable Transfer, plus interest and costs; and (iii) pending such payment, disallowing any claim of the Defendant against the Debtor pursuant to Bankruptcy Code § 502 (a)–(j) ("Section 502").

3. To the extent that the Defendant has filed a proof of claim in the Debtor's case or has otherwise requested payment from the Debtor's estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to the Claims for any reason including, but not limited to, section 502 of the Bankruptcy Code, and such rights are expressly reserved.

## THE PARTIES

4. Plaintiff is the Chapter 7 trustee of the Debtor.

2

5. The Debtor is a New York corporation which, prior to the Petition Date (defined below), operated an art gallery at premises located at 500 Park Avenue, Unit 16C, New York, New York (the "Premises").

6. The Defendant is a New York corporation with a place of business at 975 Madison Avenue, New York, New York.

## JURISDICTION AND VENUE

7. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's Amended Standing Order of Reference, M-431 dated January 31, 2012, which refers such proceedings to the Bankruptcy Court.

8. This adversary proceeding is commenced pursuant to sections 105(a), 502, 547, 550 and 551 of the Bankruptcy Code, Rules 3007, 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(2)(A), (B), and (O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment. In the event that this Court or any other Court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein relates to the Debtor's bankruptcy case and will have a material impact on the administration of the Debtor's estate (the "Estate").

10. Plaintiff consents to entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to entry of final orders or judgment by this Court if it is determined that this

3

Court, absent consent of the parties, cannot enter final orders on judgements consistent with Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and is related to the Debtor's bankruptcy case pending in this Court.

## FACTUAL ALLEGATIONS

### A. The Debtor's Bankruptcy Case

12. On November 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court [Docket No. 1].

13. On November 14, 2017, Albert Togut was appointed Chapter 7 interim trustee of the Debtor; he duly qualified and is acting as Trustee of the Debtor and the Estate.

### B. The Preferential Transfer

14. On November 27, 2017, the Debtor filed its schedules of assets and liabilities (the "Schedules") and Statement of Financial Affairs, which include a list of works of art and certain claimants associated with them [Docket Nos. 7-8].

15. During the ninety (90) days before the Petition Date, that is between August 15, 2017 through and including November 13, 2017 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

16. During the course of their relationship, the Debtor and the Defendant entered into agreements, evidenced by invoices, communications and other

4

documents (collectively, the "Agreements"), pursuant to which the Debtor and the Defendant conducted business with one another.

17. Plaintiff seeks to avoid the transfer of an interest in any of the Debtor's property made by Debtor to the Defendant during the Preference Period.

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

18. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

19. During the Preference Period, the Debtor made a transfer to, or for the benefit of, the Defendant in the amount set forth in **Exhibit A**, which is incorporated by reference herein.

20. During the Preference Period, the Defendant was a creditor of the Debtor within the meaning of section 547(b)(1) of the Bankruptcy Code at the time of the Avoidable Transfer by virtue of supplying goods, services and/or loans for which the Debtor was obligated to pay.

21. The Avoidable Transfer was a transfer of an interest in the Debtor's property.

22. According to the Debtor's books and records, the Avoidable Transfer was made to, or for the benefit of, the Defendant because the Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

23. The Avoidable Transfer was made for or on account of antecedent debts owed by the Debtor and described in **Exhibit B**.

24. The Avoidable Transfer was made while the Debtor was insolvent. The Trustee is entitled to the presumption of insolvency for the Avoidable Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

25. Further, as evidenced by, among other things: (i) the Petition; (ii) the Schedules; and (iii) the proofs of claim that have been filed against the Estate, the Debtor's liabilities exceeded the value of the Debtor's assets during the Preference Period.

26. Plaintiff estimates that Debtor's general unsecured creditors will receive less than full value on account of their allowed claims against the Estate.

27. The Avoidable Transfer was made on or within ninety (90) days prior to the Petition Date.

28. The Avoidable Transfer enabled the Defendant to receive more than it would receive if (a) the Debtor's case were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfer had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

29. The Defendant was either the initial transferee of the Avoidable Transfer, the entity for whose benefit the Avoidable Transfer was made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfer.

30. By reason of the foregoing, the Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

31. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

32. The Avoidable Transfer was made within two (2) years prior to the Petition Date.

33. The Avoidable Transfer was made to, or for the benefit of, the Defendant.

34. Subject to proof, Plaintiff pleads, in the alternative, that to the extent that the Defendant demonstrates that the Avoidable Transfer was not on account of an antecedent debt or was a prepayment for goods and/or services, the Debtor did not receive reasonably equivalent value in exchange for the Avoidable Transfer because (a) the value of the services and/or goods received was in fact less than the Avoidable Transfer, and (b) the Debtor was: (i) insolvent on the date of the Avoidable Transfer or became insolvent as a result of the Avoidable Transfer; (ii) engaged in business or a transaction for which any property remaining with the Debtor was unreasonably small capital at the time of, or as a result of, the Avoidable Transfer; or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured (the "Potentially Fraudulent Transfers").

35. By reason of the foregoing, the Avoidable Transfer should be avoided and set aside as a fraudulent transfer.

## COUNT III - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

36. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

37. Plaintiff is entitled to avoid the Avoidable Transfer pursuant to section 547(b) of the Bankruptcy Code, or, alternatively, the Potentially Fraudulent Transfer (together, the "Transfer") pursuant to section 548 of the Bankruptcy Code.

38. The Defendant was the initial transferee of the Transfer, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfer was made.

39. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from the Defendant an amount to be determined at trial that is not less than the total amount of the Transfer, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

40. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

41. The Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

42. The Defendant was the initial transferee of the Transfer, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfer was made.

43. The Defendant has not paid to Plaintiff the amount of the Transfer, or turned over such property to Plaintiff, for which the Defendant is liable under section 550 of the Bankruptcy Code, despite written demand by Plaintiff to the Defendant to do so.

44.     Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of the Defendant and/or its assignee, against the Estate, or the Debtor, must be disallowed until such time as the Defendant pays to Plaintiff all amounts sought herein.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against the Defendant:

a) avoiding the Transfer pursuant to section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to section 548 of the Bankruptcy Code;

b) pursuant to section 550(a) of the Bankruptcy Code, directing the Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the full amount of the Transfer, plus interest and costs;

c) disallowing any Claim of the Defendant pursuant to section 502(d) of the Bankruptcy Code;

d) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return the Transfer to the date of judgment with respect to this Complaint (the "Judgment") herein;

e) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

    f) requiring the Defendant to pay forthwith the amount of the Judgment; and

    g) granting Plaintiff such other and further relief as the Court deems just and proper

Dated: New York, New York
November 6, 2019

> ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
> By his Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> /s/ Albert Togut
> ALBERT TOGUT
> NEIL BERGER
> JARED C BORRIELLO
> One Penn Plaza
> New York, New York 10119
> (212) 594-5000